EVELYN BYRD BURDEN vs. THE TAX ASSESSORS OF THE CITY
OF NEWPORT.

SAME vs. SAME.

JULY 2, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) Direction of Verdict. Evidence.

On the issue whether the fair market value of the real estate of petitioner was more than the valuation returned by petitioner to the assessors of taxes under the statute, after petitioner had introduced the testimony of several experts, respondent called several persons to testify upon the question of value, none of whom were permitted to testify. The chairman of the board of assessors who had been a member of the board for nearly twenty years had testified without objection for respondent. The court on the assumption that the testimony of petitioner was uncontradicted directed a verdict for petitioner.

Held, error as testimony of petitioner's experts was not uncontradicted.

The value of the evidence of the witness for respondent was for the jury and the court could not determine that the jury would be bound to ignore his testimony and that hence there was no legal evidence which would justify a verdict for respondent.

(2) Expert Testimony. Taxation.

Semble, that the court could find in its discretion that one who had been chairman of a board of tax assessors for nearly twenty years was qualified to testify as an expert as to the value of land in the city where he held office.

(3) Expert Testimony. Taxation.

It is impossible to lay down any general rule precisely stating the knowledge which is necessary to qualify a person to testify as an expert. In each instance the trial court must in the exercise of his sound discretion determine whether the person offered as an expert has knowledge of the subject reasonably sufficient to entitle him to speak as an expert.

(4) Expert Testimony. Taxation.

On the issue as to the fair market value of real estate it was not an abuse of discretion to refuse to permit a practicing attorney, who had examined many real estate titles in the city and who had advised concerning or participated in a few sales of real estate in the city, to testify as an expert.

(5) Expert Testimony. Taxation.

On the issue as to the fair market value of real estate, a contractor called as an expert witness was asked as to the value of the building on the basis of cost of construction less depreciation.

Held, properly excluded, since the question was what was the fair market value of the land as that value was increased or diminished by the buildings.

(*6*)  *Expert Testimony.  Taxation.*

On the issue as to the fair market value of real estate, testimony of witness
was excluded because he stated that the value which he would place upon
the property would not be based upon other sales of comparable property
in the same vicinity, and that in his opinion the sales proved by petitioner
were forced sales and did not represent fair market value.

*Held,* that if qualified as an expert his testimony should have been received,
for whether the sales represented fair market value was a question for the
jury.

PETITIONS brought under G. L. 1923, cap. 60, for relief
from alleged overvaluation of real estate.  Heard on excep-
tions of respondent and sustained.

RATHBUN, J.  These are two petitions brought in accord-
ance with the provisions of Chapter 60, G. L. 1923, for relief
from alleged overvaluation of the real estate of the petitioner
made by the assessors of taxes of the city of Newport in the
years 1923 and 1924.  The cases were tried together by a
justice of the Superior Court sitting with a jury.  At the
conclusion of the testimony said justice directed a verdict
in each case for the petitioner.  Each case is before us on
the respondents' exception to the direction of a verdict and
on their exceptions to the refusal of said justice to permit
certain witnesses to testify as experts.

In each of said years the petitioner, within the time fixed
by the assessors, made a return of her ratable estate and
made oath to the return before one of the assessors.  In
each of said years the assessors made a higher valuation of
the petitioner's real estate than she made in her return to
the assessors.  The issue was whether the fair market value
of said real estate was more than the valuation made by the
petitioner in her return.  After the petitioner had introduced
the testimony of several experts, who testified that the fair
market value of said real estate was less than the value
placed thereon by the petitioner in her return to the assessors
the respondents called to the witness box three different
persons each of whom was ready to testify that in his opinion
the fair market value of said real estate was considerably
more than the value placed thereon by the petitioner in her

return.   Neither of said persons was permitted to state his opinion as to the fair market value of said real estate.

(1) The respondents produced no other expert and said justice, assuming that the testimony of the petitioner's experts was uncontradicted, granted the petitioner's motion to direct a verdict in her favor.

We think that the testimony of the petitioner's experts as to the value of said real estate was not uncontradicted. John E. O'Neill, who was chairman of the board of assessors and who had been a member of said board for nearly twenty years, was permitted without objection to testify that in his opinion the valuation placed by said assessors upon the real estate in question was a fair valuation.   There was no attempt to show his qualification to testify as an expert on real estate values other than showing his long experience as an assessor of taxes in the city of Newport.   It was evidently assumed that his experience as a tax assessor qualified him to testify as an expert.   If an objection had been made that it did not appear that he was qualified to speak as an expert, we think that said justice might well have ruled, at least in the exercise of his discretion, that Mr. O'Neill, by reason of his long experience, was qualified to testify as an expert as to the value of the land in question.

(2) It is impossible to lay down any general rule precisely stating the knowledge which is necessary to qualify a person to testify as an expert.   In each instance the trial justice must, in the exercise of his sound discretion, determine whether the person offered as an expert witness has knowledge of the subject in question reasonably sufficient to entitle him to speak as an expert.   See *Ennis* v. *Little,* 25 R. I. 342;

(3) *Eastman* v. *Dunn,* 34 R. I. 416; *Sarle* v. *Arnold,* 7 R. I. 582; *Howard* v. *City of Providence,* 6 R. I. 514.   On cross-examination there was an attempt to show that Mr. O'Neill did not base his opinion upon the sales of other real estate in the general vicinity of the property in question.   He testified that in his opinion many of the sales relied upon by the petitioner were of property not comparable with the prop-

erty in question and that the price paid in some instances did not, because the sale was forced or because it was a transaction between members of the same family, represent the fair market value. The value of his testimony was a question for the jury. It was not within the province of the trial justice to determine that the jury would be bound to ignore such testimony and that hence there was no legal evidence which would justify a verdict for the respondents. As an issue of fact was raised by the conflict between his testimony and that of the petitioner's experts, it was error not to submit the issue to the jury.

(4) A practicing attorney who was offered as a witness by the respondents was not permitted to give his estimate as to the fair market value of the property in question. It appeared that he had examined many titles to real estate in Newport and as an attorney had advised concerning, or participated in, a few sales of real estate situated in Newport. We can not say that said justice abused his discretion in refusing to permit the attorney to testify.

The respondents offered two other persons who were not permitted to give an expert opinion as to the value of the land in question. One was a contractor and builder and the other was William P. Carr, who was secretary of the Savings Bank of Newport. He testified that, as a member of said (5) bank's investment board, he had for many years, as a preliminary to taking mortgages for said bank, been accustomed to value real estate in the different sections of Newport and that his duty to the bank required him to be familiar with land values in that section of the State. We think said justice might very properly have ruled, in the exercise of his discretion, that the experience of Mr. Carr qualified him to testify as an expert as to land values in Newport. It does not appear clearly from the transcript whether the said justice passed upon the question of the qualifications of Mr. Carr and the builder. Said justice expressed a doubt whether the builder was qualified. The builder was asked what the value of the buildings was on the basis of cost of

construction less depreciation.   Such question was properly excluded.   The land has a certain value and perhaps the buildings because of being located thereon add value to the land.   Their presence on the land may add to or detract from the value of the land.   The question was what was the fair market value of the land as that value was increased or diminished by the buildings.   "The standard of value for the purpose of taxation is the price which the property would probably bring in a transaction in a fair market between a willing seller and a willing purchaser."    *Aspegren* v. *Tax Assessors of the City of Newport,* 125 Atl. 213.

(6)   The testimony of Mr. Carr was apparently excluded because he stated that the value which he would place upon the property would not be based upon other sales of comparable property in the same vicinity.   He stated that in his opinion the sales which had been proved by the petitioner were forced sales and that the prices paid did not represent the fair market value.   If he was qualified as an expert we think his testimony should have been received.   The court could not rule as a matter of law that said sales represented respectively the fair market value of the real estate sold. Whether they did or not would have been a question for the jury.   On cross-examination he very probably would have been asked the reasons for his opinion that said sales were forced sales.   It is also probable that he would have been asked how he arrived at his opinion as to the value of the property in question, and it would have been the duty of the jury, in determining the value of his opinion, to determine whether the reasons given as a basis for the opinion were sound.

The respondents' exception in each case to the direction of a verdict for the petitioner is sustained and each case is remitted to the Superior Court for a new trial.

*Sheffield & Harvey,* for petitioner.

*Jeremiah A. Sullivan, Jeremiah P. Mahoney,* for respondents.